The STATE of Ohio, Appellee,

v.

EBRIGHT, Appellant.

[Cite as *State v. Ebright* (1992), 83 Ohio App.3d 846.]

Court of Appeals of Ohio,
Clinton County.

No. CA92–05–009.

Decided Nov. 23, 1992.

*Ronald C. Carey*, Clinton County Prosecuting Attorney, for appellee.

*Joseph H. Dennis*, Clinton County Assistant Public Defender, for appellant.

---

JONES, Presiding Judge.

The sole issue to be decided in this appeal is whether defendant-appellant, Murvelle C. Ebright, was denied his statutory right to a speedy trial.

On May 30, 1991, appellant was arrested on a charge of corruption of a minor, a third degree felony, in violation of R.C. 2907.04. Appellant was released on bond on June 5, 1991. He was subsequently arrested on a capias on January 7, 1992, after he failed to appear at a scheduled hearing in August.

Trial was scheduled for February 12, 1992, but continued at appellant's request to Tuesday, March 10, 1992. On Friday, March 6, 1992, appellant filed a motion for a writ of habeas corpus to secure the attendance of a witness incarcerated in Michigan. On March 9, 1992, a hearing was held on the state's motion to quash. The state asked the court to proceed with trial, since the sheriff could not secure the witness' attendance before the scheduled trial date. During this hearing, appellant argued, and the trial court found, that the individual in Michigan was a material witness. The court granted appellant a continuance to May 6, 1992, to secure the witness' appearance.

Trial commenced on May 6, 1992, and a jury found appellant guilty as charged. As his sole assignment of error, appellant claims the trial court erred in denying his motion to dismiss for a lack of a speedy trial pursuant to R.C. 2945.71.

There is no dispute that the speedy trial issue is contingent upon which party is charged with the time period from March 9, 1992 until May 6, 1992. If, as appellant contends, the time is to be charged against the state, the applicable speedy trial period, accounting for delays attributed to appellant's other motions, would have expired before appellant's trial and his motion to dismiss would be well taken. If, however, the time is charged to appellant rather than the state, appellant's argument is without merit.

Appellant relies on *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, which requires a trial court, when granting a *sua sponte* continuance under R.C. 2945.72(H), to enter an order of continuance and the reasons for the continuance by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial. The record reflects that only four days before trial appellant sought to secure the attendance of an out-of-state witness. The state objected and requested that trial proceed as scheduled, whereupon appellant requested a continuance, claiming the witness was essential to his case. The court granted the continuance, but did not file an entry to that

effect until May 6, 1992. At first glance, it would appear that *Mincy* is simply inapplicable, since the case at bar does not involve a *sua sponte* continuance, but one granted at the defendant's request.

Appellant also argues that our prior decision in *State v. Clements* (Dec. 24, 1990), Clermont App. No. CA90–04–033, unreported, 1990 WL 210809, requires application of the *Mincy* rule to the case at bar. In *Clements*, we viewed *Mincy* as reflecting a general policy on continuances, whether or not *sua sponte.* However, *Clements* involved a continuance requested by the state, not the accused. In addition, a journal entry was never filed in *Clements* to identify the party to whom the continuance was charged.

In the case at bar, the continuance was neither *sua sponte* nor requested by the state. In addition, unlike in *Clements,* the court below issued a judgment entry, albeit a delayed one, that described the reason for the continuance and the party to whom the continuance was charged. Although *Clements* arguably may be read as expanding the *Mincy* rule to include continuances requested by the state, we decline to extend *Clements* so as to include continuances requested by and granted on behalf of the accused.

We accordingly conclude that the continuance in question is chargeable to appellant and that appellant's trial date did not exceed the time limit prescribed in R.C. 2945.71. Consequently, appellant's assignment of error is without merit and hereby overruled.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.