The STATE of Ohio, Appellant,

v.

WYDE, Appellee.

[Cite as *State v. Wyde* (1993), 90 Ohio St.3d 471.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–920727, C–920728, C–920729.

Decided Sept. 22, 1993.

*Fay D. Dupuis,* City Solicitor, *Terrence R. Cosgrove* and *Jennifer I. Bishop,* for appellant.

*James Looker,* for appellee.

*Per Curiam.*

This cause came on to be heard upon the appeals, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the transcript of the proceedings, the briefs and the oral arguments of counsel. This court has *sua sponte* removed this cause from the accelerated calendar and placed it on the court's regular calendar.

In its sole assignment of error, the state challenges the orders of the trial court granting the defendant-appellee's motion to dismiss for failure to bring him to trial within ninety days as required by R.C. 2945.71. We find the assignment of error to be well taken and reverse.

The following chronology is pertinent to this decision:

11/29/91   Defendant-appellee arrested for speeding and driving under the influence of alcohol.

12/4/91   Arraignment.

12/11/91   Pretrial conference.

1/2/92   Defendant-appellee's motion to suppress filed. Hearing on the motion scheduled for 1/29/92.

1/29/92   Hearing on the motion to suppress continued at state's request until 2/25/92. The state advised by the trial court that no further continuances would be granted.

2/25/92   State requested that the rescheduled hearing on the motion to suppress go forward and be continued in progress since one of its witnesses was not present.  Trial court denied the request and dismissed the charges, citing its earlier warning that no further continuances would be granted.

2/25/92   Identical charges refiled.

2/26/92   Arraignment on new charges before a new trial judge.

3/5/92   Pretrial conference.  Second motion to suppress identical to the first filed by defendant-appellee.

4/21/92   Hearing on the second motion to suppress.

5/19/92   Motion to suppress denied.

5/20/92   Entry overruling the motion to suppress.

Following the events set forth above, the defendant-appellee filed a motion to dismiss on the basis that the state had failed to provide him with a speedy trial as required under R.C. 2945.71(B)(2).  Specifically, the defendant-appellee asserted that the period from when his first motion to suppress should have been heard on January 29, 1992, up until the time that the second motion was actually heard on April 21, 1992, should have been charged against the state since the entire period of delay, including the filing of new charges, and the resulting filing of an identical second motion to suppress, was precipitated by the state's failure to be ready to go forward on January 29.  The trial court agreed and granted the motion.

On appeal, the state concedes that the period from November 29, 1991 until January 2, 1992, a period of thirty-four days, is chargeable against it.  Moreover, the state concedes that the period from January 29, 1992 until March 5, 1992, another 36 days, is chargeable against it.[1]  Furthermore, the defendant-appellee concedes that the period from January 2, 1992 to January 29, 1992 is chargeable against him on the basis of the delay necessitated by the filing of his first motion to suppress.  R.C. 2945.72(E).

There is, in sum, a single period in dispute, that being the time following the filing of the defendant-appellee's second motion to suppress.  The state on appeal contends that the clear language of R.C. 2945.72(E) mandates that this period be charged against the defendant.  That section provides that the time within an accused must be brought to trial is extended by "any period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused."  Under

---

1.  Although the original charges were dismissed, the charges filed on February 25, 1992 were identical and based upon the same set of facts.  As the state implicitly acknowledges, the two prosecutions are considered as one for purposes of computing the number of days elapsed under R.C. 2945.72.  See *State v. Broughton* (1991), 62 Ohio St.3d 253, 581 N.E.2d 541.

the analysis urged by the state, the fact that the second motion to suppress was identical to the first does not obviate the fact that it was a motion made by the accused, obviously in the interests of the accused, and thus that any delay necessitated by the motion is chargeable against the accused.

We concur with the state and find the clear statutory language controlling. Although *State v. Broughton* (1991), 62 Ohio St.3d 253, 581 N.E.2d 541, holds that, for the purpose of computing days under the speedy trial statutes, the two prosecutions are tacked together, the second prosecution is in all other respects *de novo* as a result of the earlier dismissal. As a result, the motion to suppress filed on March 5, 1992 must be treated like any other defense motion under the statute and the delay necessitated by the motion is chargeable against the defendant.

The orders of the trial court dismissing the charges against the defendant-appellee on the basis of R.C. 2945.71 are hereby reversed and this cause remanded to the trial court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., and GORMAN, J., concur.

MARIANNA BROWN BETTMAN, J., dissents.

MARIANNA BROWN BETTMAN, Judge, dissenting.

I respectfully dissent from the majority's holding. Had the state been prepared to go forward with the original motion to suppress, the defendant-appellee would, in all likelihood, have been tried within the statutory ninety-day period. The state, however, was not prepared on either January 29, 1992, or February 25, 1992, and the first trial court dismissed the original charges because it had earlier warned the state that no further continuances would be granted. The state refiled identical charges on the same day and, pursuant to *Broughton*, the counting of the ninety-day period continued into the second prosecution. The defendant-appellee then filed the *same* motion to suppress he had filed earlier. While the second motion to suppress was a motion made by the defendant-appellee, the necessity for making the same motion twice arose as a direct result of the dismissal that the state had prompted by its inability to go forward timely in the first prosecution. In effect, the majority's holding grants to the state the continuance it was denied by the first trial court and allows the state, by virtue of this *de facto* continuance, to try the defendant-appellee beyond the ninety-day statutory period.

It is well settled that the provisions of R.C. 2945.72 that extend the ninety-day period are to be strictly construed against the state. *State v. Singer* (1977), 50

Ohio St.2d 103, 4 O.O.3d 237, 362 N.E.2d 1216. Although conceding to the majority the literal language of the statute, I believe that in this case a literal application defeats the legislative purpose. I would, therefore, affirm the trial court's dismissal of the charges and overrule the state's assignment of error.