**The STATE of Ohio, Appellee,**

**v.**

**STAMPS, Appellant.**

[Cite as *State v. Stamps* (1998), 127 Ohio App.3d 219.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–970415, C–970416 and C–970417.

Decided April 3, 1998.

*Fay D. Dupuis,* City Solicitor, *Terrence R. Cosgrove,* City Prosecutor, and *Thomas A. Rolfes,* Assistant City Prosecutor, for appellee.

*Matthew T. Ernst,* for appellant.

PAINTER, Judge.

In his sole assignment of error, defendant-appellant Walter E. Stamps asserts that the trial court erred by denying his motion to dismiss the charges against him.[1] Stamps claims that the state violated R.C. 2945.71, Ohio's speedy-trial statute. We hold that Stamps was not tried too late, and affirm.

## I. Time and Again

Stamps was arrested on December 31, 1995, and charged with driving under the influence and several minor infractions. The most serious of the charges, driving under the influence in violation of R.C. 4511.19(A)(1), is a misdemeanor of the first degree. Under the speedy-trial statute, a person charged with varying degrees of misdemeanors arising out of the same act or transaction must be tried within the time period required for the highest degree of misdemeanor charged.[2]

---

1. We *sua sponte* remove this case from the accelerated calendar.

2. See R.C. 2945.71(D).

A person charged with a first-degree misdemeanor, as Stamps was, must be tried within ninety days after his arrest.[3] Stamps was not tried until April 16, 1997, well over a year after his arrest.

When the statutory period for bringing an accused to trial has expired, as here, the state bears the burden of showing that time was properly extended under R.C. 2945.72 or that the accused waived his statutory right to a speedy trial.[4] Extensions of time under R.C. 2945.72 are to be strictly construed against the state.[5] If the state does not comply with the requirements of the speedy-trial statute, the trial court must discharge the defendant upon the defendant's motion.[6]

We analyze all the time periods from Stamps's arrest to his trial, resolving legal issues posed by this process. Speedy-trial time begins with the arrest of the accused. Because the day of arrest does not count against the state, the speedy-trial clock began to run here on January 1, 1996.[7] Stamps was arraigned on January 5; this five-day period was chargeable to the state.

At the arraignment, the trial court noted in the journal: "2–2–96 △ 263 1p." We may fairly assume that the delta is a shorthand for "defendant" or perhaps "defendant's request," though the latter might be a bit of a leap. We understand that, in busy municipal courts, it is impossible to prepare a separate judgment entry for each request, and we hold that the docket entry here, when read in conjunction with the transcript of the hearing, is sufficient to indicate that the defendant requested the continuance. But we suggest that the term "request," or even "req." would be helpful.

We can tell from the transcript of the proceedings that on January 5, 1996, Stamps asked for a four-week continuance, which the trial court granted. But Stamps claims that we cannot look behind the journal entry at the record or the transcript of the proceedings to determine to whom the continuance was chargeable. He claims that the journal entry must unambiguously state both the reason

---

3. See R.C. 2945.71(B)(2).

4. See *State v. Sheffield* (Oct. 11, 1995), Hamilton App. No. C–950223, unreported, 1995 WL 596068, citing *State v. Butcher* (1986), 27 Ohio St.3d 28, 30–31, 27 OBR 445, 445–447, 500 N.E.2d 1368, 1370.

5. *State v. Singer* (1977), 50 Ohio St.2d 103, 4 O.O.3d 237, 362 N.E.2d 1216; *Cleveland v. Jones* (1996), 110 Ohio App.3d 791, 675 N.E.2d 498.

6. See R.C. 2945.73.

7. See *State v. Veid* (Sept. 25, 1996), Hamilton App. No. C–950495, unreported, 1996 WL 539789; Crim.R. 45.

for the continuance and to whom the continuance was charged; otherwise, the time must be charged to the state. We disagree. But we understand Stamps's point given some confusing language in the cases, so we write more today to attempt to clear up the confusion.

R.C. 2945.72(H) states that the time in which the accused must be tried may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." We can contemplate only three scenarios for continuances: (1) those requested by the defense, (2) those requested by the state, and (3) those ordered *sua sponte* by the trial court.

 Continuances granted to the state and ordered *sua sponte* by the trial court are similar because they must be "reasonable," which is to be strictly construed against the state. If they are not reasonable, both types of continuances must be charged against the state for speedy-trial purposes. To evidence reasonableness, they must be supported by an explanation. Thus, for these two situations, a trial court must journalize the continuance before the expiration of the time limit set forth in R.C. 2945.71 and must state the reason for the continuance.

In the syllabus of *State v. Mincy*, the Ohio Supreme Court set forth a trial court's duties when ordering a *sua sponte* continuance: "When *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial."[8] A similar entry should also be journalized for cases involving continuances granted to the state.[9] This is because continuances granted to the state or ordered *sua sponte* by the trial court require an explanation to extend the speedy-trial time limitation.

 But an explanation for a continuance in a journal entry is not necessary, though certainly recommended, when a continuance is requested by and granted to a defendant.

 The defendant is safeguarded by means other than an explanation in the trial court's journal when a continuance is charged to the defendant. The syllabus of the Ohio Supreme Court's decision in *State v. King* states: "To be effective, an accused's waiver of his or her constitutional and statutory rights to a

---

8. *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, syllabus.

9. See *State v. Clements* (Dec. 24, 1990), Clermont App. No. CA90–04–033, unreported, 1990 WL 210809, interpreting *State v. Saffell* (1988), 35 Ohio St.3d 90, 518 N.E.2d 934.

speedy trial must be expressed in writing or made in open court on the record." [10] This rule ensures that a defendant will not be unfairly charged for a continuance if, for example, a judge wrongly charges the continuance to the defendant in the journal entry. In such a case, we could surely look at the record to determine whether the defendant in fact requested the continuance.

Recording the reason on the journal entry for a continuance requested by the defendant would surely be the better practice. But, as the Fourth District Court of Appeals explained: "We note that the only time a trial court must state on record the reasons for a continuance is when the trial court or some party other than the accused requests a continuance. In the instant case, appellant was fully aware of the reasons for the continuances that *he* requested. It is clear, on the face of the statute, that a continuance at the request of a defendant tolls the period within which the trial must occur." [11]

When the defendant's request for a continuance is in the record, the absence of an explanation for the continuance in a journal entry should not allow a defendant to use the speedy-trial statute as a sword rather than the shield that it was designed to be.

We further note that we do not read the *Mincy* decision to require a court in its entry to name the party to whom the continuance is to be charged. *Mincy*, which considered only *sua sponte* continuances ordered by the trial court, requires that a continuance be entered only before the speedy-trial period expires and that a reason be given for the continuance. Naming the party to whom the continuance is to be charged is good practice, but not a formal requirement, regardless of who requests the continuance. [12] Clearly, if the continuance is chargeable to the defendant, the Ohio Supreme Court's requirement that the defendant make a written waiver or an oral waiver in open court on the record suffices to demonstrate that the continuance is chargeable to the defendant. And the explanation that a trial judge must journalize for a continuance granted to the state or ordered *sua sponte* by the trial court will surely demonstrate whether the continuance is chargeable to the state. Neither *Mincy* nor *King* mandates any more of a formalistic litany.

---

10. *State v. King* (1994), 70 Ohio St.3d 158, 637 N.E.2d 903 (citations omitted).

11. *State v. Sanders* (Dec. 10, 1996), Pickaway App. No. 95 CA 6, unreported, 1996 WL 734666 (citations omitted); see, also, *State v. Baker* (1993), 92 Ohio App.3d 516, 636 N.E.2d 363; *State v. Ebright* (1992), 83 Ohio App.3d 846, 615 N.E.2d 1105; *State v. Hiatt* (July 15, 1996), Adams App. No. 94 CA 578, unreported, 1996 WL 422464, citing *State v. Sharp* (1991), 71 Ohio App.3d 336, 594 N.E.2d 19; *State v. Cripple* (May 20, 1993), Cuyahoga App. No. 61773, unreported, 1993 WL 173733.

12. See *State v. Reck* (Dec. 21, 1994), Darke App. No. 1352 CA, unreported, 1994 WL 718230.

Because a *defendant's* request for a continuance must be in the record, the trial court's reason for the continuance in a journal entry is merely cumulative and not necessary. But it would certainly be advisable for the trial court to record it anyway, to prevent the extension from becoming an issue on appeal.

Although this court and other appellate districts have stated that for a continuance to toll speedy-trial time, the trial court must record the continuance before the expiration of the speedy-trial time, identify the party to whom the continuance is chargeable, and indicate the underlying reason for the continuance,[13] we believe that these decisions have blurred the distinction between continuances requested by the state or ordered *sua sponte* by the trial court and those requested by the defendant. None of these cases has applied these requirements to continuances requested by the defendant for speedy-trial purposes.

After considering the purpose of the speedy-trial statute, we are convinced that this court can look behind the journal entry to the transcript to determine that a defendant in fact requested a continuance. This court has done it before.[14] If we were not able to look at the record to determine whether a defendant requested a continuance, the syllabus in *King* would be toothless. When possible, we should decide issues based on what actually happened.

## II. Time After Time

Here, Stamps requested a four-week continuance on January 5. The case was reset for February 2, 1996. Because Stamps requested the continuance on the record, the trial court's journal entry "2-2-96 △ 263 1p." was satisfactory, regardless of whether it otherwise might be considered ambiguous. The speedy-trial clock was therefore stopped for this time period.

On February 2, Stamps's newly retained attorney signed an entry extending the speedy-trial time provisions until March 11, 1996. A defendant is bound by his attorney's waiver of time.[15] The speedy-trial clock was stopped during this time period.

On March 11, Stamps moved for a continuance until March 15, 1996. Motions made by the defendant extend the speedy-trial time period under R.C.

---

**13.** See, *e.g., Veid, supra; State v. Wirtanen* (1996), 110 Ohio App.3d 604, 674 N.E.2d 1245; *State v. Collins* (1993), 91 Ohio App.3d 10, 631 N.E.2d 666.

**14.** See, *e.g., State v. Stallworth* (Dec. 31, 1996), Hamilton App. No. C-960374, unreported, 1996 WL 741989; *Sheffield, supra.*

**15.** *State v. McBreen* (1978), 54 Ohio St.2d 315, 8 O.O.3d 302, 376 N.E.2d 593.

2945.71.[16] Although the trial court's journal entry only indicates "Entry △," and gives no reason for the continuance, the time is not chargeable to the state. The absence of a reason in the journal entry is not fatal if the record in fact contains the defendant's written or oral waiver of speedy-trial time.[17]

On March 15, Stamps's attorney again signed an entry extending the time provisions until June 21, 1996. On June 21, Stamps moved for a continuance until August 9, 1996.

On August 9, the state was granted a continuance until September 10, 1996. The state concedes that this time was chargeable to it for speedy-trial purposes. Thirty-one days were therefore chargeable to the state. On September 10, the trial court dismissed the case without prejudice for want of prosecution. At that point, thirty-six days were chargeable to the state for speedy-trial purposes.

On October 20, 1996, the state arrested Stamps again and refiled the same charges. The Ohio Supreme Court has stated: "For purposes of computing how much time has run against the state under R.C. 2945.71 *et seq.*, the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised on the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I)."[18] Thus, the time period between the dismissal and the refiling of the charges was not chargeable to the state. Stamps was arraigned on November 8, 1996. The nineteen days between the refiling and the arraignment were chargeable to the state, bringing the total to fifty-five days.

On November 8, Stamps, on the record in open court, again asked for a continuance so that he could speak with a lawyer. In its journal, the trial court entered "△Req 11–21–96 1 pm Rm 263 SB." Stamps again claims that this entry is ambiguous. The obvious implication from the entry is that Stamps requested a continuance. As noted before, such an entry, without a written waiver or an oral waiver on the record in open court would not suffice to extend the time period for speedy-trial purposes.[19] But this time is not chargeable to the state because Stamps's request for a continuance is in the transcript. The continuance granted to Stamps until November 21, 1996, extended the speedy-trial time.

---

16. See R.C. 2945.72(H).

17. See *King, supra.*

18. *State v. Broughton* (1991), 62 Ohio St.3d 253, 581 N.E.2d 541, paragraph one of the syllabus.

19. See *King, supra.*

■ On November 21, Stamps's attorney signed an entry extending time until January 14, 1997. On January 14, Stamps moved to suppress evidence. The trial court's journal entry notes the motion to suppress. A motion to suppress extends the time limits under R.C. 2945.71 for the reasonable time necessary for the court to rule on the motion.[20] The motion to suppress was apparently set to be heard on February 3, 1996.

■ The trial court's journal entry reflects that on February 3 Stamps requested another continuance until February 7, 1997. Because Stamps requested this continuance and the motion to suppress was still pending, this time was not chargeable to the state.

■ On February 7, the trial court's journal indicates that Stamps withdrew the motion to suppress, and the case was set for trial on February 19, 1997. These twelve days were chargeable to the state, bringing the total to sixty-seven days.

On February 19, Stamps's attorney again signed an entry extending the time provisions until April 16, 1997. On that day, the trial was indeed held, and Stamps was found guilty of driving under the influence, failing to wear a seat belt, and weaving.

Because only sixty-seven days were chargeable to the state for speedy-trial purposes, the state brought Stamps to trial within the applicable speedy-trial time period, which was ninety days. We overrule Stamps's assignment of error. The judgments of the trial court are affirmed.

*Judgments affirmed.*

GORMAN, P.J., and MARIANNA BROWN BETTMAN, J., concur.

---

**20.** See *State v. Wyde* (1993), 90 Ohio App.3d 471, 629 N.E.2d 1079; *State v. Martin* (1978), 56 Ohio St.2d 289, 10 O.O.3d 415, 384 N.E.2d 239; *State v. Arrizola* (1992), 79 Ohio App.3d 72, 606 N.E.2d 1020 (holding a one-hundred-seventy-eight-day period unreasonable to decide a motion to suppress); *State v. Beam* (1991), 77 Ohio App.3d 200, 601 N.E.2d 547; R.C. 2945.72(E).