First, the majority begins its analysis by erroneously stating that except for the remarks of the trial judge made on the record in a hearing on Willis's motion to dismiss for speedy trial violations, it could apply the general rule that the absence of a transcript results in a presumption of the propriety of the trial court proceedings. The Supreme Court of Ohio has made it clear that the general rule that the absence of a transcript results in presumption of regularity of trial court proceedings does not apply in a speedy trial case. See State v. Wentworth
(1978), 54 Ohio St.2d 171, 174. Because speedy trial rights are constitutional, as well as statutory, the state bears the burden of providing an adequate record to support its assertion that speedy trial time was tolled by some exception, once the accused makes a prima facie
showing of a speedy trial violation. State v. Price (1997),122 Ohio App.3d 65, 68.
The majority acknowledges that Willis made a prima facie showing of a speedy trial violation, but then in effect wrongly shifts the burden back to him to show that an exception to the speedy trial time running did not apply, rather than requiring the state to meet its burden to show that an exception did apply to toll the time. The majority does so by asserting that in the absence of a transcript of the proceedings on the date originally set for pretrial hearing, it can ordinarily presume the regularity of the proceedings.
As the First District Court of Appeals has noted:
 "The defendant is safeguarded by means other than an explanation in the trial court's journal when a continuance is charged to the defendant. The syllabus of the Ohio Supreme Court's decision in State v. King
[(1994), 70 Ohio St.3d 158)] states: `To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record.' n10 This rule ensures that a defendant will not be unfairly charged for a continuance if, for example, a judge wrongly charges the continuance to the defendant in the journal entry. In such a case, we could surely look at the record to determine whether the defendant in fact requested the continuance." State v. Stamps (1998), 127 Ohio App.3d 219, 225.
The above quote contains the recognition that the law in this state, as established by the Supreme Court of Ohio, clearly requires a record to show that a continuance charged to a defendant to toll speedy trial computations was made by the defendant either: 1) through a written motion for continuance filed by the defendant; or 2) through a request for a continuance made by the defendant in open court on the record. The record before this court does not contain either a written motion for a continuance of the pretrial hearing from Willis or a transcript of the pretrial hearing showing any request from Willis to the court for a continuance.
Second, even though the majority does not actually apply a presumption of regularity of proceedings in the trial court due to the remarks of the trial court that "complicate" this case, the majority does choose to gloss over the lack of the required proof in the record. The majority has adopted a contorted interpretation of statements made by the trial judge on the record, several months after the original date for a pretrial hearing in question, as some proof that Willis did, in some manner other than a direct request, ask for a continuance.
I do not believe the remarks of the trial judge can reasonably be construed as proof that Willis did ask for a continuance at the pretrial hearing. I believe instead that the remarks show that the trial judge acknowledged that Willis never did ask him for a continuance of the pretrial.
Even if the trial judge's statements could reasonably be read as making an assertion that Willis asked for a continuance at the pretrial hearing, the judge's statements do not take the place of the requirements set by the Supreme Court of Ohio. The judge's remarks (made at a hearing held by the trial court after Willis argued that his speedy trial rights were violated because he did not ask for a continuance) are not a substitute for either a written motion for continuance filed by Willis or a request for a continuance made by Willis on the record at the original pretrial hearing.
Finally, Willis, the defendant at trial in this case, continues to contend on appeal, as he did in the trial court, that he never asked for a continuance. Therefore, the majority has at best made the trial judge a witness on a disputed issue, has decided to make a credibility determination on appeal (something this court is prohibited from doing), and has decided that the trial judge was telling the truth when he (in their view) said that Willis did ask for a continuance. This is just the type of scenario that the Supreme Court of Ohio was addressing when it ruled that a continuance charged to a defendant for speedy trial computations must be in the record in the form of a written motion filed by the defendant or as an oral request, made in open court on the record, directly from the defendant. State v. King (1994),70 Ohio St.3d 158 at the syllabus.
I believe this court should follow the approach first taken by the First District Court of Appeals of Ohio and should look beyond the language of the trial court's original journal entry to determine whether Willis asked for a continuance in this case. State v. Stamps,127 Ohio App.3d at 226. This court should then apply the binding precedent from the Supreme Court of Ohio to conclude that the record before us in this case does not contain the proof required to charge Willis with the time of the continuance of the pretrial hearing, since there is no written motion filed by Willis for a continuance of the pretrial and no transcript of the proceedings on the original date of the pretrial hearing showing that Willis asked, in open court on the record, for a continuance of the pretrial.
This court should further conclude that the subsequent attempt of the trial court to explain that it was in reality acting sua sponte to continue the pretrial hearing was not "mere surplusage" as the majority contends, and that the explanation was made too late. The trial court's entry explaining that it was actually acting sua sponte when it continued the pretrial was not entered until after the speedy trial time had already run in Willis's case. To be effective, a sua sponte continuance must be entered on the record in a judgment entry before speedy trial time has run. See State v. Mincy (1982), 2 Ohio St.3d 6, at the syllabus.
When the law is not ignored and is correctly applied in this case, the inescapable conclusion is that speedy trial time had already run before Willis was brought to trial on the burglary charge. His conviction should be reversed, the charges against him should be dismissed, and he should be discharged. See, App.R. 12(B) and R.C. 2945.73(B).