OPINION
Defendant-Appellant Antonio M. DeLeon was arrested on March 5, 1998 in connection with a shooting that occurred November 14, 1997. In the eight-count indictment that followed, Mr. DeLeon was charged with attempted murder and having a weapon while under disability. Charges Counts three through eight of that indictment stemmed from the seizure of drugs and weapons from the defendant on the day of the arrest. Following a jury trial, defendant was found guilty of counts three through five. Defendant was sentenced to a term of incarceration of twenty-two years. One year later, defendant was found guilty as to courts one and two. He was sentenced to an additional eighteen years of incarceration. Appellant has previously appealed from these convictions. But, on October 23, 2001, this Court reopened the is appeal for consideration of the speedy trial issue, which was not raised in his initial appeals. Appellant/DeLeon asserts that the trial court erred in not dismissing the case due to and discharging him upon the ground that the State's failure failed to meet the speedy trial requirements set by the Ohio Revised Code. Specifically, appellant asserts that he was entitled to the benefit of the "triple-count" provision of provided for in R.C. 2945.71(E).
We conclude that the appellant was not entitled to the benefit of the triple-count provision. The State, therefore, brought the defendant to trial within the time limits set by the Ohio Speedy Trial statutes. As a result, statute, and the trial court did not err by failing to dismiss the charges. Accordingly, the judgment of the trial court's judgement court is affirmed.
 I
A Defendant-appellant Antonio M. DeLeon was arrested on March 5, 1998, in connection with a shooting that had occurred on November 14, 1997. Based on information gathered from a citizen informant, an arrest warrant was obtained that recited probable cause that the appellant was the shooter issued. On the day following the, his arrest, the appellant/DeLeon was placed under a valid parole holder. A certified copy of the Order to Hold authorized by the Adult Parole Authority was provided to the trial court on March 6, 1998.
Soon after the arrest, the appellant/DeLeon was indicted with/on eight counts. Counts one and two, attempted murder and having a weapon while under disability, were based on the November 1997 shooting. Counts three through eight were based on the drugs and weapons found on the appellant/DeLeon on the day of his arrest. These charges included: unlawful possession of a dangerous ordnance, two counts of having a weapon while under disability, possession of cocaine, possession of criminal tools, and possession of crack cocaine.
On April 10, 1998, appellant/DeLeon moved to sever the charges under Crim.R. 14 because they arose from separate and unrelated events. Since the time of severance, the severed charges have proceeded independently of one another. In the end, a year passed between the trials of these separate charges.
On March 31, 1998, appellant/DeLeon filed a motion to suppress. On April 10, 1998, appellant/DeLeon filed a motion to disclose the identity of the citizen informant. The trial court ruled on these motions on June 25, 1998. Appellant's DeLeon's motion to suppress was overruled, but appellant's his motion for disclosure was granted. The prosecution State sought leave to appeal from the trial court's ruling on disclosure. This Court permitted the appeal disclosure order. We entertained this appeal, and ultimately granted the State relief from the disclosure order. Also on June 25, appellant/DeLeon filed a waiver of his speedy trial rights with the trial court.
During the pendency of the State's appeal, the appellant/DeLeon was re-indicted. This indictment alleged the same offenses, but added firearm specifications to several of the charges. Because of the severance, charges three through eight of the second indictment were still active in the trial court. The appellant/DeLeon filed a motion to dismiss the additional firearm specifications on speedy trial grounds. The trial court overruled this motion.
Between November 18 and 23, 1998, the appellant/DeLeon was tried by jury on counts three through eight. On November 24, the appellant/DeLeon was found guilty as to counts three through five and the attending firearm specifications. He was sentenced to eighteen years of incarceration. This Court We affirmed those convictions.
On January 29, 1999, this Court ruled we entered a judgment holding that the trial court had abused its discretion in ordering the disclosure of the citizen informant. As a result of Following this ruling, counts one and two of the indictment remained to be tried before the trial court.
On March 19 and 24, 1999, the appellant/DeLeon filed motions for continuance. These motions were granted, and trial was set for April 7, 1999. On April 7, the trial court moved continued the trial date to July 26, 1999. On June 9, 1999, the trial court set trial for September 20, 1999. On September 10, 1999, appellant/DeLeon filed another motion for continuance. The trial court granted the continuance and set the trial date for November 15, 1999.
Finally, between November 15 and 22, 1999, the appellant/DeLeon was tried before a jury for the charges of attempted murder and having a weapon while under disability. Appellant/DeLeon was found guilty of both charges and was sentenced to eighteen years of incarceration. This sentence was to be served consecutively with the previously imposed sentence. Once again DeLeon appealed, this Court and we affirmed the conviction.
Now, the appellant/DeLeon is asserting that the State failed to bring him to trial under within the time prescribed by the Ohio Speedy Trial statutes.
 II
Appellant/DeLeon's first and only assignment of error reads: "The trial court erred by failing to dismiss the case because the State did not bring the defendant to trial within the time limits set forth in Ohio Revised Code 2945.71 et seq." In this very narrow assignment of error, DeLeon asserts that he his was denied his rights to a speedy trial, because the State failed to initiate trial within the statutory time limits.
 A
Ohio Revised Code 2945.71, et seq. sets forth Ohio's statutory framework to ensure that criminal defendants are ensured receive their constitutional rights to a speedy trial. See State v. Mays (1996),108 Ohio App.3d 598, appeal not allowed 75 Ohio St.3d 1509. R.C.2945.71(C)(2) reads: "A person against whom a charge of a felony is pending shall be brought to trial within two hundred and seventy days after the person's arrest." This 270-day requirement can be shortened under the terms of R.C. 2945.71(E). It reads in part: "* * * each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *" This so-called "triple-count" provision would limit reduce to ninety days the time for bringing to trial an accused defendant to who is incarcerated the entire time preceding trial to ninety days.
In order to establish that the appellant/DeLeon is entitled to protection by the benefit of the triple-count provision, the Ohio Supreme Court has held that appellant he must establish that he was being heldsolely on the pending charges. State v. Kaiser (1978), 56 Ohio St.2d 29, paragraph two of the syllabus; see also State v. Cook (1992),65 Ohio St.3d 516 (holding that the defendant was not being held solely on the pending charges, and thus not entitled to the triple-count provision). The Ohio Supreme Court has added the "solely" requirement to the Speedy Trial statute. The "solely" requirement presents another hurdle for the defendant in order to activate the triple-count provision of 2945.71(E). We conclude that DeLeon was not being held solely on the appellant fails to climb that hurdle charges for which he was arrested and tried.
Many courts in Ohio have held that a defendant that is being held on valid parole holder is not being held solely on the pending charges. For example, even the appellant/DeLeon cites State v. Evans (1998),127 Ohio App.3d 56. In that case, the appellate court ruled that a defendant was not being held solely on the pending criminal charge when a valid parole holder created another sufficient purpose for incarceration. Id. at 61 (emphasis added).
The appellant/DeLeon, however, would have this Court ignore the holding in Evans, and adopt the reasoning of State v. Sisco (June 28, 1982), Fairfield App. No. 2-CA-82. In that case, the court held that even where a defendant was determined to be a parole violator, such as the defendant was being held solely on the pending criminal charges. While this may have been the law for several years in the Fifth Appellate District,Sisco and its reasoning was overruled by Evans in 1998. Similarly, this Court disagrees with the reasoning in Sisco, and accordingly follows the reasoning in Evans.
More recently, other appellate courts have followed the reasoning inEvans. In State v. Wellbaum, this Court stated we held that when an individual is incarcerated for a parole violation, as well as on the pending charge, the triple-count provision is not to be invoked. (Sept. 1, 2000) Champaign App. No. 00-CA-5 at 2-3. More specifically, in Statev. Bloomfield, the court stated that "the existence of a valid parole holder prevents application of the triple count provision." (Sept. 4, 2001) Franklin App. No. at 7.
Some appellants have argued that because the where a parole violation or parole holder arose from arises out of the same acts as the original pending charge, the accused was/is being held solely on the pending charge. Even this Court We have rejected that is argument. State v.McDaniel (July 13, 1994) Miami App. No. 93-CA-38. "An accused who is held on a parole holder is not held in lieu of bail on the pending charge, as the statute requires, even though the parole violation and the pending charge may have arisen from the same set of facts." Id. When an individual is being held on account of an alleged parole violation, the individual is not being held solely as a result of the acts giving rise to the alleged parole violation, because it is the conjunction of those acts with the fact that the individual is on parole that results in the alleged parole violation, and consequent detention.
In this case, appellant/DeLeon is not entitled to application of the triple-count provision. Appellant/DeLeon was arrested on March 5, 1998. On the following day, the Adult Parole Authority issued the Order to Hold. While it can possibly be argued, as the appellant/DeLeon does, that this order does not constitute a parole violation, the case law does not distinguish between a parole violation and a parole holder. Based on the March 6, 1998 Order to Hold, the appellant/DeLeon was incarcerated not only on the pending criminal charges, but also under a valid parole holder.
This Court We agrees with the reasoning set forth in Kaiser and Evans. Because appellant/DeLeon was held under a valid parole holder, he was not being held solely on the pending charges. Therefore, the triple-count provision does not apply to the appellant/DeLeon.
 B
Despite the non-application of the triple-count provision, the appellant/DeLeon still asserts that he was denied his rights to a speedy trial. After all, six hundred sixteen (616) days passed from the arrest (Mar. 5, 1998) to the second trial (Nov. 15, 1999). However, after a careful examination of the record submitted to this Court, this delay did not deprive the appellant of rights to speedy trial.
At the outset, we feel it is essential to make a statement concerning the severed indictment and the accused's rights to a speedy trial. This Court is aware of no case law dealing with this precise issue. As a result, this Court finds our review of the record leads us to conclude that less than 270 of these days are chargeable to the State.
Although we have found no authority on this subject, we conclude that where the original counts of an indictment are severed to eliminate potential prejudice, the time for bringing an accused to trial begins to run with the initial arrest. Stated somewhat differently, the time for bringing an accused to trial under the Ohio Speedy Trial statute does not begin anew following the severance of the indictment. See State v.Brock (May 22, 1991), Montgomery App. No. 12227.
 1
Revised Code 2945.72 sets forth the acceptable/allowable extensions of time for bringing a criminal defendant to trial. Actions by both/either the defendant and plaintiff alike can/or the State may toll the time for initiating trial under the Speedy Trial statutes. R.C. 2945.71 et seq. Many of the provisions of these statutes are applicable to the present case. For example, R.C. 2945.72(E) allows an extension of time for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." Likewise, R.C. 2945.72(H) grants extension for "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
The speedy trial statute statutory time limit for initiating trial begins to run with the arrest of the accused. State v. Brock, supra. Also, the day of arrest does not count against the State for the purposes of the speedy trial statutes. State v. Stamps (1998), 127 Ohio App.3d 219,223.
Based on these rules, the date from which this Court will begin to counte count begins is March 6, 1998. On March 31, 1998, appellant/DeLeon filed a motion to suppress with the trial court. On June 25, 1998, the court overruled this motion. Under the language of Pursuant to R.C. 2945.72(E), the days from the filing of the motion to the trial court's subsequent ruling on the motion are not countable against/chargeable to the State. Only the days between March 6 and March 31 (26 days) are chargeable against the State.
Additionally, the appellant/DeLeon filed a motion for continuance on September 29, 1998. The trial court continued the action until the eventual trial date of November 18, 1998. Under 2945.72(H), the days of delay caused by a continuance brought at the request of the accused are not chargeable to the State for speedy trial purposes. Thus, the days between September 29 and November 18 are not counted against the State. Only the days between June 25 and September 29 (96 days) are countable against/chargeable to the State.
We agree with the appellee/State that the time for bringing trial was tolled as a result of the motion to suppress and the motion for continuance.[1] As a result, only the days from March 6 through March 31 and from June 25 through the September 29 are chargeable against the state (26+96 = 122 days). Bringing the accused to trial in 122 days satisfies the 270-day statutory requirement of 2945.71(C)(2).
Although DeLeon's right to a speedy trial as to the first trial was not at issue, this Court concludes that the appellant/DeLeon was not denied his right to a speedy trial for the trial that began on November 18, 1998.
 2
As stated above, six hundred sixteen 616 days passed from the arrest to the trial on counts one and two. R.C. 2945.72(I) permits an extension of time for "[a]ny period during which an appeal filed pursuant to section2945.67 of the Revised Code is pending." R.C. 2945.67 reads: "Any prosecuting attorney . . . may appeal as a matter of right any decision of a trial court in a criminal case . . . which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence . . . and may appeal by leave of the court to which the appeal is taken any other decision." See, also State v.Spinks (1992) 19 Ohio App.3d 720, 727-728.
In the present case, the State sought leave to appeal the order of disclosure on July 17, 1998. This Court We granted leave, and accepted the appeal. On January 29, 1999, this court eventually ruled we reversed the disclosure order, concluding that the trial court had abused its discretion. From July 17 to January 29, one hundred and ninety-seven (197) days elapsed.
The State brought its appeal by leave of the appellate court, and thus the State's appeal falls under the language of 2945.67. Because the appeal was brought pursuant to 2945.67, the time during the pendency of the appeal is tolled for purposes of speedy trial. As a result R.C.2945.72(I). Therefore, the elapsed 197 days elapsed during the pendency of the appeal are not chargeable against the State.
Following the ruling/judgment of this Court on appeal, the case continued to be delayed in the trial court. On March 19, 1999, the appellant/DeLeon filed a motion for a continuance. The trial was delayed until March 24. On March 24, the DeLeon filed another continuance. This motion was granted, and the trial was continued until March 24. On March 24, another continuance was filed. Again this motion was granted and the trial a date was delayed until/set for April 7, 1999. Nineteen (19) days passed between March 19 and April 7. The March 19 continuance was brought on the accused's own motion. Thus, the 19 days that passed until April 7 are not counted against the State.
Under the language of 2945.72(H)Again on April 7, the case was continued and the trial date was set for July 26, 1999. Pursuant to2945.72(H), the period of any continuance brought at the accused's own motion or a reasonable continuance granted other than on the accused's own motion extends the time in/within which a defendant must be brought to trial.
From the record presented, the April 7 continuance was not granted at the request of the accused. Nor does the trial court present a reason for issuing the continuance in its journal entry. Rather Under State v.Stamps, in order for a continuance to be deemed reasonable so that the delay will not be charged against the State for purposes of the speedy trial statute, the trial court must journalize the continuance and must state a reason for granting such a continuance. 127 Ohio App.3d at 224, citing State v. Mincy (1982) 2 Ohio St.3d 6, syllabus.
Assuming arguendo that the April 7 continuance was reasonable, the trial court still failed to state its reasons for granting such a continuance. As a result, the days immediately following April 7 are chargeable against the State. But, a further examination of the record indicates that continuances granted subsequent to the April 7 continuance were granted at the request of the accused.
During the proceedings in open court on June 9, 1999, DeLeon, through counsel, requested that the trial be delayed until September 20, 1999. A reviewing court may look to the transcript to determine if in fact the accused requested a continuance, so that the delay is not chargeable to the State for purposes of the speedy trial statute. State v. Stamps,127 Ohio App.3d at 225. In Stamps, the appellate court read the trial court's journal entry in conjunction with the transcript to determine if the continuance was brought at the accused's request.
In this case, the parties engaged in a pretrial scheduling conference in open court on June 9, 1999. In that proceeding, the trial judge stated his understanding that the present trial date (July 26) was problematic. DeLeon's counsel immediately affirmed that it was. As a result, the trial was continued until September 20, 1999. Based on this review of the record, it seems clear that the June 9 continuance was also granted at/on the accused's request.own motion.
Ninety-eight (98) days passed between June 9 and September 20. Under R.C. 2945.72(H), these days are not charged against the State.
Before the September 20 trial date arrived, The appellant/DeLeon filed a final motion for a continuance on September 10, 1999. During a similar scheduling conference on September 15, 1999, DeLeon's motion for a continuance was granted. The final trial date was set for November 15, 1999. Sixty-six (Fifty-six (56)) days elapsed between September 20 and November 15. Because this delay was granted due to the accused's own need/motion for a continuance, these days are not counted against the State.
As stated earlier, six hundred sixteen (616) days passed from the appellant's DeLeon's arrest and/to his second trial. But, the one hundred ninety-seven (197) days during the pendency of the State's appeal; the (19) days for appellant's DeLeon's first continuance; the one hundred ten (10) 103 days for the June 9 continuance; and the sixty-six (66) days following from the September 10 continuance, are not counted against/chargeable against the State for the purposes of statutory speedy trial (616-197-19-110-66 = 224) purposes.
Under the Speedy Trial Statute, only two hundred twenty-four (224) days passed before the State initiated trial against the appellant. Because the accused 241 days are chargeable against the State. 616-197-19-103-56 = 241. Because DeLeon was brought to trial within the 270-limit 270-day limit imposed by the statute, the appellant/DeLeon was not denied his statutory rights to a speedy trial. Appellant/DeLeon's first and only sole assignment of error is overruled.
 III
Therefore, as all of DeLeon's sole assignments of error have/having been overruled, the judgment of the trial court is affirmed.
WOLFF, P.J., and YOUNG, J., concur.
[1] This calculation of days does not take into account the appellant's/DeLeon's waiver of speedy trial that was filed with the trial court on June 25, 1998. This waiver of speedy trial applies only to the original indictment. In State v. Adams, the Ohio Supreme Court stated/held that "when an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." (1989), 43 Ohio St.3d 67, 70. Therefore, the waiver of speedy trial does not apply to the pending charges of/in the second indictment.