OPINION
{¶ 1} Defendant-Appellant Hakeem Smith appeals his convictions based on his claim that he was denied his constitutional right to a speedy trial. For the following reasons, we affirm Smith's convictions.
 {¶ 2} On October 7, 2002 Smith was arrested and incarcerated for his involvement in the robbery of Rolfe's Jewelers in Springfield. On October 15th a Clark County Grand Jury indicted Smith on grand theft of a motor vehicle; aggravated robbery, with a firearm specification; having a weapon while under disability, with a firearm specification; carrying a concealed weapon; and failure to comply with the signal of a police officer. After the failure to comply charge was erroneously dismissed, Smith was re-indicted on that charge on December 16, 2002.
 {¶ 3} Smith was arraigned on October 18, 2002 and advised the court that he would be represented by Attorney Gordon. However, when Gordon failed to appear at the next court date, the trial court appointed Attorney Stewart on November 22, 2002. The court set the case for trial on December 16, 2002.
 {¶ 4} On December 11th the trial court held a hearing on the oral motions of Smith and a co-defendant, Timothy Richardson, for a continuance of the trial date and granted the motion from the bench. Smith also filed a written motion on December 16th, and the trial was rescheduled for March 4, 2003.
 {¶ 5} On February 11, 2003 Richardson filed another motion for a continuance, which was granted on March 10th. The trial court re-scheduled the trial for June 2, 2003. However, on that day, Richardson requested another continuance because he had been involved in a car accident. Smith orally joined in that request. The trial was re-scheduled for September 3, 2003.
 {¶ 6} Attorney Gordon entered an appearance of counsel on Smith's behalf on June 30, 2003, and on July 17th counsel filed numerous pretrial motions. On August 22nd he filed more pretrial motions, including a motion to dismiss based on an alleged speedy trial violation. The court held hearings on Smith's motions on August 25 and 27, 2003. Richardson requested another continuance on August 29th, and the trial was re-set for October 27, 2003. However, in response to Smith's October 22nd request for a continuance, trial was re-scheduled for November 3, 2003. The trial court ruled on the last of Smith's motions, including his motion to dismiss on October 30, 2003.
 {¶ 7} On November 3, 2003 Smith pled no contest and was found guilty of all charges and sentenced accordingly. Smith now appeals assigning four errors all alleging violations of his constitutional right to a speedy trial.
 {¶ 8} Smith's first assignment of error:
 {¶ 9} "There was error in the lower court in denying, by way of continuances[,] Defendants/Appellee's (sic) right to a speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States and the Constitution of the State of Ohio Article 1 Section 10."
 {¶ 10} Smith's second assignment of error:
 {¶ 11} "The lower court erred in continuing Defendant's trial date from December 16, 2002 to March 3, 2003 thereby abrogating Defendant's right to a speedy trial. . . ."
 {¶ 12} Smith's third assignment of error:
 {¶ 13} "The lower court erred . . . in continuing Defendant's trial date from January 6, 2003 to March 4, 2003 thereby abrogating Defendant's right to a speedy trial. . . ."
 {¶ 14} Smith's fourth assignment of error:
 {¶ 15} "The lower court erred in continuing Defendant's trial date from March 4, 2003 to June 2, 2003 thereby abrogating Defendant's right to a speedy trial. . . ."
 {¶ 16} Preliminarily, we note that the standard for reviewing claims of speedy trial violations is "whether the trial court's ruling is supported by the evidence or whether the court abused its discretion by making a finding manifestly against the weight of the evidence." See, e.g., State v. Humphrey, Clark App. No.2002 CA 30, 2003-Ohio-3401, ¶ 21, citations omitted.
 {¶ 17} Moreover, "[a]n abuse of discretion means more thanan error of law or judgment, it implies that the court's attitudeis unreasonable, arbitrary, or unconscionable." Id., citingHuffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87,482 N.E.2d 1248.
 {¶ 18} Because he was charged with felonies and incarcerated from the date of his arrest until he entered his pleas, the State was required pursuant to R.C. 2945.71 to bring Smith to trial within ninety days of his arrest. Since Smith was arrested and incarcerated on October 7, 2002, the State had until January 6, 2003 to bring him to trial. Trial was originally set for December 16, 2002, on day 69. However, the trial was re-scheduled several times. The question becomes whether the delays were chargeable against the State.
 {¶ 19} On December 16th, the first trial date was continued on Smith's written motion, and a new date of March 4, 2003 was set. Because the continuance was on Smith's own motion, the speedy trial time was tolled. R.C. 2945.72(H). Smith claims that because the motion was made by his attorney without his agreement, it should not toll the speedy trial clock. Nevertheless, it is well-established that defense counsel may request a continuance in order to obtain more time to prepare for the case without the defendant's agreement, and the defendant is bound thereby. State v. McBreen (1978), 54 Ohio St.2d 315,376 N.E.2d 593, syllabus. Counsel was appointed right before Thanksgiving, just three weeks before trial. It was not unreasonable for him to request a continuance under those circumstances, despite Smith's incarceration. Thus, the speedy trial time was tolled until the new date of March 4, 2003.
 {¶ 20} On February 11, 2003, Richardson filed a motion for a continuance, which the trial court granted. A motion by a co-defendant may operate to extend speedy trial time for another. See, e.g., State v. Morrison (Dec. 6, 1995), Montgomery App. No. 15003. Therefore, Smith's speedy trial time was tolled until the new trial date of June 2, 2003. R.C. 2945.72(H).
 {¶ 21} The trial date was next continued on the joint motion of Smith and Richardson after Richardson was involved in an automobile accident. Once again, time was tolled until the new date of September 3, 2003. R.C. 2945.72(H).
 {¶ 22} In the meantime, Smith retained new counsel, who filed numerous pretrial motions on Smith's behalf. The speedy trial time was further tolled during the pendency of those motions. R.C. 2945.72(E). The last of those motions were disposed of on October 30, 2003. Smith entered his no contest pleas just three days later, after only 68 days of his speedy trial time had run, and well within the 90-day limit.
 {¶ 23} Smith argues that because the trial court twice failed to journalize orders setting new trial dates until after the previous dates had passed, his speedy trial time continued to run. In support, he relies on State v. Mincy (1982),2 Ohio St.3d 6, 441 N.E.2d 571. However, courts have since distinguished between continuances requested by the State or granted sue sponte by the court as opposed to continuances requested by the defendant. See, e.g., State v. Stamps (1998),127 Ohio App.3d 219, 712 N.E.2d 762; State v. Garries, Montgomery App. No. 19825, 2003-Ohio-6895.
 {¶ 24} In fact, the Stamps Court made it clear that the speedy trial clock is tolled from the point at which the defendant requests the continuance. Stamps, supra, at 226-27. Specifically, the court stated, "Although this court and other appellate districts have stated that for a continuance to toll speedy-trial time, the trial court must record the continuance before the expiration of the speedy-trial time, identify the party to whom the continuance is chargeable, and indicate the underlying reason for the continuance, we believe that these decisions have blurred the distinction between continuances requested by the state or ordered sua sponte by the trial court and those requested by the defendant. None of these cases has applied these requirements to continuances requested by the defendant for speedy-trial purposes." Id., at 226, citations omitted. Because Smith's speedy trial time was tolled by his own motions for continuance, or those of his co-defendant, it was not mandatory for the trial court to journalize its entries before the trial date had passed.
 {¶ 25} For these reasons, we find that Smith's speedy trial time had not run out before he entered his pleas. Accordingly, we cannot conclude that the trial court abused its discretion in denying Smith's motion for dismissal for speedy trial violations, and his assignments of error fail. Having overruled all four of Smith's assignments of error, the judgment of the trial court will be affirmed.
Brogan, J. and Wolff, J., concur.