[Cite as *Middletown v. Homel*, 2013-Ohio-2857.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| CITY OF MIDDLETOWN, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2012-08-154 |
| | : | O P I N I O N |
| - vs - | | 7/1/2013 |
| | : | |
| BENJAMIN L. HOMEL, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. 12TRC00353-A

Carrie Carpenter, Middletown City Prosecutor, One Donham Plaza, Middletown, Ohio 45042, for plaintiff-appellee

Steven R. Adams, Marguerite Slagle, 8 West Ninth Street, Cincinnati, Ohio 45202, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1}  Defendant-appellant, Benjamin L. Homel, appeals his conviction in the Middletown Municipal Court for reckless operation of a vehicle.  For the reasons that follow, we reverse the judgment of the trial court and discharge Homel from his conviction.

{¶ 2}  On October 14, 2011, Middletown Police Officer Carl Jones saw Homel's vehicle stuck in the mud on a road that had been closed for construction.  Officer Jones

smelled the odor of alcoholic beverage on Homel's person, and noticed that his eyes were bloodshot and that he was unsteady on his feet. Officer Jones performed standard field sobriety tests on Homel, and based on his performance on those tests, arrested him for operating a vehicle under the influence of alcohol (OVI), a first-degree misdemeanor. Officer Jones took Homel to the city jail where he refused to take a BAC test, which led to Homel's receiving an administrative license suspension. Officer Jones issued a citation to Homel for driving on a street closed for repair but forgot to issue a citation to him for OVI.

{¶ 3} On January 13, 2012, Homel pled guilty to the charge of driving on a street closed for repair. On January 18, 2012, Officer Jones filed in the Middletown Municipal Court a copy of a Uniform Traffic Ticket and an affidavit, charging Homel with OVI in violation of Middletown Municipal Code Ordinance (M.M.C.O.) 434.01. The state attempted to serve the OVI citation on Homel but was unsuccessful. Homel was eventually arrested on the OVI charge.

{¶ 4} Homel moved to dismiss the OVI charge against him on several grounds, including that his speedy trial rights had been violated. After holding a hearing on the motion to dismiss, the trial court overruled it. Homel then pled no contest to a reduced charge of reckless operation in violation of M.M.C.O. 434.02. The trial court found Homel guilty of the reduced charge and sentenced him to serve 30 days in jail, which was suspended, and to pay a $250 fine.

{¶ 5} Homel now appeals, assigning the following as error:

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO

- 2 -

DISMISS FOR THE LACK OF PERSONAL JURISDICTION.

{¶ 10} Assignment of Error No. 3:

{¶ 11} THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE THE DOCUMENT CHARGING THE OFFENSE IS INVALID UNDER TRAFFIC RULE 3.

{¶ 12} In his first assignment of error, Homel argues the trial court erred in denying his motion to dismiss on speedy trial grounds. We agree with this argument.

{¶ 13} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee an accused's right to a speedy trial. *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, ¶ 10. R.C. 2945.71 implements this guarantee by establishing specific time limits within which a defendant must be brought to trial. *Id.* When the statutory period for bringing a defendant to trial has expired, the state must show that the time for bringing the defendant to trial was properly extended under R.C. 2945.72 or that the defendant waived his statutory right to a speedy trial. *State v. Stamps*, 127 Ohio App.3d 219, 223 (1st Dist.1998). Extensions of time under R.C. 2945.72 are to be strictly construed against the state. *Id.* If the state fails to comply with the requirements of the speedy-trial statute, the trial court must discharge the defendant upon the defendant's motion. *Id.*, citing R.C. 2945.73.

{¶ 14} Homel was charged with OVI in violation of M.C.C.O. 434.01, a first-degree misdemeanor. A person charged with a first-degree misdemeanor must be brought to trial within 90 days of his arrest. R.C. 2945.71(B)(2). Since Homel was arrested on October 14, 2011, the state was required to bring him to trial on the OVI charge by January 13, 2013 unless Homel waived his right to a speedy trial or the time for bringing him to trial was properly extended under R.C. 2945.72. However, the state made no attempt to serve Homel with his citation for OVI until January 18, 2013.

{¶ 15} The trial court overruled Homel's motion to dismiss on speedy trial grounds for the reason that the speedy-trial clock on the OVI charge did not begin to run on the date of Homel's arrest, but instead, began to run on the date he was actually charged with OVI, which did not occur until at least January 18, 2013. We disagree with the trial court's ruling.

{¶ 16} "[W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." *State v. Adams*, 43 Ohio St.3d 67, 68-69 (1989), quoting *State v. Clay*, 9 Ohio App.3d 216, 218 (11th Dist.1983), and citing *State v. Bonarrigo*, 62 Ohio St.2d 7, 11(1980).

{¶ 17} Under *Adams*, the speedy trial clock on both the charge of OVI and the charge of driving on a street closed for repair began running on the date of Homel's arrest. Moreover, since OVI is a first-degree misdemeanor, the state needed to bring Homel to trial within 90 days of his arrest for that charge unless the time for bringing him to trial was properly extended under R.C. 2945.72 or he waived his statutory right to a speedy trial. *Stamps*, 127 Ohio App.3d at 223.

{¶ 18} The state implicitly acknowledges that the speedy trial clock for bringing Homel to trial on the OVI charge began to run on the date of his arrest. Nevertheless, the state contends that Homel filed two motions following his arrest that tolled the speedy trial time for 42 days, which enabled the state to try him on the OVI charge beyond the 90-day statutory speedy-trial limit. We find this argument unpersuasive.

{¶ 19} At the hearing held on Homel's motion to dismiss on speedy trial grounds, the state contended that in December 2011, defense counsel misrepresented to the trial court that the state had run out of time to try Homel on the OVI charge. The state asserted that this representation was false because "as the [trial] Court is aware of [*sic*], there were two (2)

time waivers filed by Defense counsel and thus by the Defendant." Neither the trial court nor defense counsel disputed the state's representation that Homel had filed two time waivers while the charge of driving on a street closed for repair was pending against him. However, the state did not formally ask the trial court take judicial notice of the time waivers, and more importantly, the state did not introduce those time waivers into the record.

{¶ 20} In *Adams*, 43 Ohio St.3d at 70, the court held that "when an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." *See also*, *State v. Homan*, 89 Ohio St.3d 421, 428 (2000), (superseded by statute on other grounds) (following *Adams*). Thus, under *Adams* and *Homan*, while the speedy-trial time waivers to which the state referred at the hearing on Homel's motion to dismiss applied to the charge of driving on a street closed for repair, those speedy-trial time waivers did *not* apply to the new and additional charge of OVI, which the state did not bring against Homel until January 18, 2012.

{¶ 21} The state argues on appeal that the two speedy-trial time waivers that Homel filed when the only charge pending against him was for driving on a street closed for repair were actually "motions" that constituted "tolling events" under R.C. 2945.72, and that, under *Blackburn*, 2008-Ohio-1823, "motions" tolled the time in which to bring Homel to trial. We find this argument unpersuasive.

{¶ 22} In *Blackburn*, the Ohio Supreme Court held that "in calculating the time within which a criminal defendant must be brought to trial under R.C. 2945.71, periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case." It should be noted, however, that in *Blackburn*, the Ohio Supreme Court did not overrule *Adams* and *Homan*, but instead, distinguished those

- 5 -

cases from the one before it on the basis that *Adams* and *Homan* involved an accused's *waiver of his or her speedy-trial rights*, while *Blackburn* involved *the tolling provisions in R.C. 2945.72*. *Blackburn* at ¶ 18-22.

**{¶ 23}** The state is attempting to avail itself of the rule in *Blackburn* by calling Homel's two time waivers "motions" and arguing that, under that case, these two "motions" tolled the speedy trial clock under R.C. 2945.72. However, the state never introduced these two time waivers or "motions" into the record, and therefore we have no way of knowing whether these filings were (1) motions that toll the speedy trial clock under R.C. 2945.72, *see Blackburn*, *or* (2) motions for a continuance that were conditioned upon a time waiver, *see id* at ¶ 22, or speedy-trial time waivers that did not apply to the additional charge of OVI, *see Adams* at 70 and *Homan* at 428.

**{¶ 24}** During oral arguments before this court, the state asserted that if there is a deficiency in the record with respect to the speedy trial issue, the deficiency should be charged to Homel since it was his responsibility as appellant to make sure that all information to decide this appeal was made part of the record on appeal. The state further asserted that if any part of the record is absent, we should simply presume the regularity of the proceedings. These arguments also lack merit. It was the state's burden to make sure there was evidence in the record to justify its failure to bring Homel to trial on the OVI charge within 90 days of his arrest for that offense. *State v. Butcher*, 27 Ohio St.3d 28, 30; *Stamps*, 127 Ohio App.3d at 223. Therefore, the absence of this evidence is chargeable to the state, not to Homel.

**{¶ 25}** In light of the foregoing, the state failed to present sufficient evidence to show that Homel either waived his right to a speedy trial on the OVI charge or that tolling events took place that extended the time period in which the state was required to bring him to trial on that charge. Therefore, unfortunately, we must reverse the trial court's decision overruling

Homel's motion to dismiss the OVI charge on speedy trial grounds.

{¶ 26} Accordingly, Homel's first assignment of error is sustained.

{¶ 27} In his second and third assignments of error, respectively, Homel argues the trial court erred in denying his motion to dismiss the OVI charge for lack of personal jurisdiction and because the charging document is invalid under Traffic Rule 3. However, we need not decide these assignments of error since they have been rendered moot as a result of our disposition of Homel's first assignment of error. App.R. 12(A)(1)(c).

{¶ 28} The judgment of the trial court is reversed, and Homel is discharged from his conviction on the charge of reckless operation.

RINGLAND and PIPER, JJ., concur.