OPINION
{¶ 1} The narrow question in this appeal is whether an unjournalized defense continuance of one week tolled appellant Garries' speedy trial time. We hold that it did and affirm.
 {¶ 2} Garries was found guilty by a jury of rape of a child who was less than ten years old. He was sentenced to life in prison. He advances a single assignment of error:
 {¶ 3} "The trial court erred in overruling appellant's motion to dismiss based upon the state's failure to bring Appellant to trial within ninety (90) days of his arrest and Incarceration in violation of appellant's statutory right to a speedy trial."
 {¶ 4} Garries was entitled to the benefit of the three-for-one provision of R.C. 2945.71(E).
 {¶ 5} The seven-day period in question was between November 26 and December 3, 2002. The trial court had overruled Garries' motion to suppress by entry filed November 15. Although not reflected in any scheduling order contained in the record, the matter was before the trial court November 26 when the following took place in open court:
 {¶ 6} "MR. HORWITZ (prosecutor): Continuing on page 6 under scheduling conferences, State of Ohio vs. Emery Garries. Case number 2002-CR-2308. David Turner attorney of record.
 {¶ 7} "JUDGE TUCKER: And have we heard anything from Mr. Turner.
 {¶ 8} "BAILIFF: Ah, Your Honor Mr. Turner is, um, unable to, uh, be here and has requested a one week continuance. Uh, we'll note that, uh, Ms. Kraft was, uh, also assigned, uh, as the Prosecutor in this case, was here earlier and . . . (indiscernible).
 {¶ 9} "JUDGE TUCKER: Very well, very good, uh, at Mr. Turner's request this matter will be continued for one week."
 {¶ 10} The record contains an order requiring the appearance of counsel and Garries December 23.
 {¶ 11} Although trial counsel, who is also appellate counsel, asserts in his appellate brief that he did not receive prior notice of the November 26 in-court proceeding, he did not assert in either his written motion to dismiss, or in his oral argument to the trial court in support of the motion to dismiss, that he was actually unaware of the November 26 proceeding. In any event, the record of the November 26 proceeding reflects a defense motion for a one-week continuance due to defense counsel's inability to be present November 26.
 {¶ 12} On this record, there can be no doubt that the one-week continuance was "granted on the accused's own motion." R.C. 2945.72(H).
 {¶ 13} Although Garries does not discuss the sufficiency of the record in justifying the attribution of the seven-day continuance to Garries, the State does, distinguishing the need for a journalized continuance where the continuance is "granted other than upon the accused's own motion," Id., and where it is upon the defendant's motion.
 {¶ 14} The State directs our attention to State v. Stamps (1998),127 Ohio App.3d 219, wherein the Court of Appeals for Hamilton County extensively discussed this issue:
 {¶ 15} "We can tell from the transcript of the proceedings that on January 5, 1996, Stamps asked for a four-week continuance, which the trial court granted. But Stamps claims that we cannot look behind the journal entry at the record or the transcript of the proceedings to determine to whom the continuance was chargeable. He claims that the journal entry must unambiguously state both the reason for the continuance and to whom the continuance was charged; otherwise, the time must be charged to the state. We disagree. But we understand Stamps's point given some confusing language in the cases, so we write more today to attempt to clear up the confusion.
 {¶ 16} "R.C. 2945.72(H) states that the time in which the accused must be tried may be extended by `[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.' We can contemplate only three scenarios for continuances: (1) those requested by the defense, (2) those requested by the state, and (3) those ordered sua sponte by the trial court.
 {¶ 17} "Continuances granted to the state and ordered sua sponte by the trial court are similar because they must be `reasonable,' which is to be strictly construed against the state. If they are not reasonable, both types of continuances must be charged against the state for speedy-trial purposes. To evidence reasonableness, they must be supported by an explanation. Thus, for these two situations, a trial court must journalize the continuance before the expiration of the time limit set forth in R.C. 2945.71 and must state the reason for the continuance.
 {¶ 18} "In the syllabus of State v. Mincy, the Ohio Supreme Court set forth a trial court's duties when ordering a sua sponte continuance: `When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial.' A similar entry should also be journalized for cases involving continuances granted to the state. This is because continuances granted to the state or ordered sua sponte by the trial court require an explanation to extend the speedy-trial time limitation.
 {¶ 19} "But an explanation for a continuance in a journal entry is not necessary, though certainly recommended, when a continuance is requested by and granted to a defendant.
 {¶ 20} "The defendant is safeguarded by means other than an explanation in the trial court's journal when a continuance is charged to the defendant. The syllabus of the Ohio Supreme Court's decision in Statev. King states: `To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record.' This rule ensures that a defendant will not be unfairly charged for a continuance if, for example, a judge wrongly charges the continuance to the defendant in the journal entry. In such a case, we could surely look at the record to determine whether the defendant in fact requested the continuance.
 {¶ 21} "Recording the reason on the journal entry for a continuance requested by the defendant would surely be the better practice. But, as the Fourth District Court of Appeals explained: `We note that the only time a trial court must state on record the reasons for a continuance is when the trial court or some party other than the accused requests a continuance. In the instant case, appellant was fully aware of the reasons for the continuances that he requested. It is clear, on the face of the statute, that a continuance at the request of a defendant tolls the period within which the trial must occur.'
 {¶ 22} "When the defendant's request for a continuance is in the record, the absence of an explanation for the continuance in a journal entry should not allow a defendant to use the speedy-trial statute as a sword rather than the shield that it was designed to be.
 " * * * {¶ 23} "After considering the purpose of the speedy-trial statute, we are convinced that this court can look behind the journal entry to the transcript to determine that a defendant in fact requested a continuance. This court has done it before. If we were not able to look at the record to determine whether a defendant requested a continuance, the syllabus in King would be toothless. When possible, we should decide issues based on what actually happened."
 {¶ 24} The discussion in Stamps persuades us that the trial court properly attributed the seven-day continuance to Garries. Having done so, trial commenced within ninety days chargeable to the State after Garries' arrest.
 {¶ 25} The assignment of error is overruled.
 {¶ 26} The judgment will be affirmed.
Fain, P.J. and Brogan, J., concur.