OPINION
{¶ 1} Defendant, Timothy Richardson, was convicted after entering no contest pleas to multiple offenses arising out of an armed robbery of Rolfe's Jewelers in Springfield. Those offenses include aggravated robbery with a firearm specification, grand theft of a motor vehicle, having weapons under disability, and carrying concealed weapons. The trial court sentenced Defendant to consecutive prison terms totaling eighteen years and ten months. Defendant has timely appealed to this court. He presents one assignment of error for review:
{¶ 2} "The trial court erred to the substantial prejudice of the defendant-appellant by overruling defendant-appellant's pretrial motion to dismiss for violation of defendant's right to a speedy trial."
{¶ 3} The sole issue in this appeal is whether an unjournalized continuance granted at Defendant's own request extends the time provided by R.C. 2945.71 for bringing Defendant to trial. We hold that it does, and affirm the judgment of the trial court.
{¶ 4} On October 7, 2002, Defendant was arrested and jailed for aggravated robbery and a number of other offenses arising out of his participation in the armed robbery. Defendant remained in jail in lieu of bail solely on those pending charges until April 16, 2003, when he posted bail and was released from jail. On October 15, 2002, Defendant was indicted. The trial court scheduled Defendant's trial to begin on December 16, 2002.
{¶ 5} On December 4, 2002, Defendant's counsel, Linda Cushman, was permitted to withdraw. At a hearing held on December 11, 2002, the trial court appointed Attorney Paul Kavanaugh as counsel for Defendant. Defendant's new counsel orally requested a continuance of the December 16, 2002, trial date in order to have more time to prepare. The trial court granted Defendant's requested continuance, but did not journalize that decision until some months later when it filed a nunc pro tunc entry on October 30, 2003. The trial court rescheduled Defendant's trial for March 4, 2003.
{¶ 6} In the interim, yet another attorney, Daniel J. O'Brien, entered his appearance as counsel for Defendant, replacing Kavanaugh. On March 3, 2003, Attorney O'Brien filed a motion seeking a continuance of the March 4 trial because he was not adequately prepared. The trial court granted Defendant's requested continuance and filed an order to that effect on March 10, 2003. By Entry filed March 26, 2003, the trial court rescheduled Defendant's trial for June 2, 2003.
{¶ 7} The June 2, 2003 trial date, as well as subsequent trial dates of September 3, 2003, and October 27, 2003, were also continued at Defendant's requests. During this period of time numerous pretrial motions were also filed by Defendant which extended the time for trial pursuant to the provisions in R.C.2945.72.
{¶ 8} A fourth attorney, Joseph Reed, entered his appearance as counsel for Defendant, replacing Attorney O'Brien. On October 9, 2003, Defendant filed his motion to dismiss claiming a violation of his speedy trial rights. Following a hearing held on October 27, 2003, the trial court overruled Defendant's motion to dismiss on October 30, 2003. Defendant subsequently entered no contest pleas to the charges.
{¶ 9} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71 et seq. State v. Pachey (1980),64 Ohio St.2d 218, 221. The particular rights which that statutory scheme confers attach when criminal charges are placed against a defendant. They continue in operation so long as those charges remain pending, until he is brought to trial.
{¶ 10} R.C. 2945.71(C)(2) requires the State to bring a person against whom a charge of felony is pending to trial on the charge within two hundred seventy days after the person's arrest. Each day defendant is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E). The time within which an accused must be brought to trial may be extended pursuant to the provisions in R.C. 2945.72. In that regard, R.C.2945.72(H) provides that the time for bringing a defendant to trial may be extended by "the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
{¶ 11} In arguing that his speedy trial rights were violated, Defendant challenges only the validity of the continuance of the original December 16, 2002 trial date. The parties agree that any speedy trial violation that occurred necessarily took place prior to the court's March 26, 2003 entry granting a defense motion to continue the trial from March 4, 2003, until June 2, 2003. Thereafter, Defendant's requested continuances of subsequent trial dates and the many pretrial motions that he filed extended the time for trial pursuant to R.C. 2945.72 such that Defendant was brought to trial within the time limits provided by R.C.2945.71, if the continuance of the original December 16, 2002 trial date was valid.
{¶ 12} Defendant was held in jail in lieu of bail solely on the pending charges in this case between the date of his arrest, October 7, 2002, and the date he posted bail, April 16, 2003. Therefore, he is entitled to three for one credit for that time period pursuant to R.C. 2945.71(E). In order to comply with R.C.2945.71(C)(2), the State was required to bring Defendant to trial in this case within ninety days after his arrest, on or before January 6, 2003, because the ninetieth day fell on Sunday, January 5, 2003.
{¶ 13} The trial court originally set Defendant's trial to begin on December 16, 2002, well within the ninety day limit. At a hearing held on December 11, 2002, the trial court granted an oral request by Defendant's counsel to continue the December 16, 2002 trial date. The trial court ordered Defendant's trial rescheduled to March 4, 2003. That decision continuing the original trial date at Defendant's request however was not jounalized until October 30, 2003, when the court filed a nunc pro tunc entry. The trial court explained that when it filed its Entry on December 16, 2002, continuing the trial at the request of Defendant's co-defendant, Hakeem Smith, the court inadvertently omitted from its Entry the continuance it had orally granted at Defendant's request on December 11, 2002. Relying upon State v. King, 70 Ohio St.3d 158, 1994-Ohio-412, Defendant argues that the court's continuance of the original December 16, 2002 trial date, at Defendant's request, was not valid because it was not journalized prior to the expiration of the statutory time limit for bringing Defendant to trial, January 6, 2003. We disagree.
{¶ 14} Continuances granted "other than upon the accused's own motion" pursuant to R.C. 2945.72(H), that is, continuances granted either at the State's request or ordered sua sponte by the court, must be reasonable. To evidence reasonableness, a continuance must be supported by an explanation. Therefore, in those two situations the trial court must journalize the continuance before the expiration of the time limit set forth in R.C. 2945.71, and must state in its journal entry the reasons for the continuance. State v. Garries (Dec. 19, 2003), Montgomery App. No. 19825, 2003-Ohio-6895. See also: State v. Mincy
(1982), 2 Ohio St.3d 6; State v. King, 70 Ohio St.3d 158,1994-Ohio-412; State v. Stamps (1998), 127 Ohio App.3d 219.
{¶ 15} On the other hand, an explanation or reason for a continuance in a journal entry is not necessary, even though preferable, when the continuance clearly is granted "on the accused's own motion." Garries, supra; Stamps, supra. In such cases Defendant is obviously aware of the reasons for the continuances that were granted. When the defendant's request for a continuance appears in the record, the absence of an explanation for the continuance in a journal entry should not allow Defendant to use the speedy trial statute as a sword rather than the shield it was designed to be. Id.
{¶ 16} Defendant's reliance upon State v. King, supra, is misplaced, as that case dealt with sua sponte continuances by the trial court. Here, the record affirmatively demonstrates that at a hearing on December 11, 2002, the trial court granted a request made by Defendant's attorney to continue the December 16, 2002 trial date the court had set. The court rescheduled the trial for March 4, 2003. This continuance granted upon Defendant's own motion, which appears in the record, is valid even in the absence of a journal entry, and it extends the time for bringing Defendant to trial by the period of that continuance, December 16, 2002 until March 4, 2003, a period of seventyeight days.State v. Garries, supra; State v. Sanders (Dec. 10, 1996), Pickaway App. No. 95CA6; R.C. 2945.72(H). Thus, rather than January 6, 2003, the State had until March 25, 2003, to bring Defendant to trial in a timely manner.
{¶ 17} On March 3, 2003, Defendant filed a motion requesting a continuance of the trial set for March 4, 2003. The trial court granted Defendant's requested continuance, this time by journal entry/order filed March 10, 2003, and subsequently rescheduled the trial for June 2, 2003. This second continuance of the trial, also granted upon Defendant's own request, likewise extends the time for bringing Defendant to trial by the period of that continuance, from March 4, 2003, until June 2, 2003, a period of ninety days. Thus, instead of March 25, 2003, the State had until June 23, 2003, to timely bring Defendant to trial. Defendant does not challenge in this appeal any of the subsequent continuances of his trial date after June 2, 2003.
{¶ 18} The trial court properly charged to Defendant for speedy trial purposes the delay in bringing him to trial caused by the continuances he requested of the original December 16, 2002 trial date and the March 4, 2003 trial date. Accordingly, Defendant's trial was commenced within the time limits required by R.C.2945.71, as properly extended pursuant to the provisions of R.C.2945.72. No violation of Defendant's speedy trial rights has been demonstrated.
{¶ 19} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Young, J., concur.