DECISION AND JUDGMENT ENTRY
{¶ 1} Jasper Seward appeals the trial court's decision denying his motion to dismiss based on a statutory speedy trial violation.[1] He contends that 293 days elapsed from the date of his arrest until other tolling events occurred and that in calculating the number of speedy trial days, the court improperly excluded the following two time periods: (1) from the date of his initial arrest to the date appointed counsel entered a notice of appearance; and (2) from the date he filed his motion to dismiss the felony complaint under C.P.Sup. R. 39(B)(2) to the date the court dismissed that complaint.
 {¶ 2} Even if Seward's two arguments are correct, we find a different reason in the record to support the trial court's decision. Seward advised the trial court that he wished to retain private counsel and the court continued the matter until Seward did so. At least thirty days elapsed from the date Seward advised the court that he would retain private counsel and the date private counsel entered his appearance. Assuming Seward's 293 day speedy trial count is correct, those thirty days tolled the speedy trial clock and bring the count under 270 days. Therefore, no statutory speedy trial violation occurred, and we affirm the trial court's judgment.
 {¶ 3} On September 10, 2002, Seward was arrested for trafficking in cocaine, and the next day, he appeared in municipal court, pled not guilty, and requested an attorney. The court appointed Daniel L. Silcott and upon Seward's request, set the matter for a September 20 preliminary hearing. Seward remained in jail until September 17.
 {¶ 4} On September 19, 2002, Silcott entered a notice of appearance. On September 20, 2002, Seward waived his right to a preliminary hearing and agreed to have the case bound over to the common pleas court. On December 17, 2002, Seward filed a motion to dismiss the felony complaint under C.P.Sup. R. 39(B)(2) because it had remained pending more than sixty days and the grand jury had taken no action on it. On January 2, 2003, the court dismissed the complaint.
 {¶ 5} On February 28, 2003, the Ross County Grand Jury returned an indictment charging Seward with trafficking in cocaine based upon the same events that led to his earlier arrest and appearance in municipal court. Seward was arrested that same date and remained in jail until March 4, 2003. On March 4, 2003, the court set the case for an April 3, 2003 pretrial.
 {¶ 6} At a March or April 2003 hearing, Seward informed the trial court that he wished to retain private counsel. The court agreed to continue the matter[2] and private counsel entered his notice of appearance on May 30, 2003.
 {¶ 7} The parties do not dispute that (1) between July 17 and September 21, 2003, Seward filed various motions that tolled his speedy trial time; and (2) between September 22 and October 9, 2003, the speedy trial clock ran, but it stopped October 10, 2003 when the state filed a motion to compel discovery.
 {¶ 8} On May 13, 2004, Seward filed a motion to dismiss based upon a violation of his statutory speedy trial rights. He claimed that up to July 17, 2003, 271 speedy trial days had elapsed and he was entitled to discharge.
 {¶ 9} After a hearing, the court denied the motion. The court explained: "Well, quite frankly, Mr. Bougler, the court has considered those matters, has reviewed the calculations contained in your summary of speedy trial to 7/17/03. My calculation was actually 272 rather than 271 for that period of time. I would agree that the time spent in [the prior municipal court proceedings], unless tolled from some period of time, counts against speedy trial in this case because it was apparently on the same facts. This shows the danger of police officers filing charges in municipal court. We all know there's a delay at B.C.I. in getting drug samples analyzed; this was a drug case. My understanding of the reason for the delay in 02CR353, based upon talks in the instant case in chambers with counsel, was essentially the fact that B.C.I. was backed up and wasn't able to do the drug analysis. Ultimately, the matter was dismissed. The problem is Judge Holmes conducted the arraignment on the new charge. There's no indication that I can tell that anybody indicated to him that [the prior felony complaint] had been filed and dismissed, so we lost that period of time. With regards to the period of time from the — I think March pretrial date until the April — or the May 30th
appearance of counsel, the court's recollection is exactly the same as that of counsel for the state. Mr. Seward indicated at that pretrial that he would be hiring Mr. Bougler on this case, didn't want Mr. Silcott to represent him, and we continued the matter. The court understands it's the court's responsibility to journalize that fact; the court did not. But the fact remains it was done at Mr. Seward's request. However, given all that and given the additional period of time that we've talked about in September and October, the court still believes that this case was properly scheduled at least for trial within the speedy trial limits for two reasons. The court believes that one, there was a tolling of the speedy trial statutes from the period of October 10th, 2003, when the state was required to file a motion to compel requiring the Defendant to prepare discovery, the record reflecting that the state offers open file discovery in these matters to the defense and the defense response on October 23rd, so there's a 13 day period there. * * * * The court notes the defendant, in * * * the prior case, was arrested on September 11, 2002, was informed of his rights and by entry of September 11, 2002, Attorney Silcott was appointed as attorney for the defendant. However, Mr. Silcott did not enter his appearance until September 19th. The court finds that that eight day period tolls running of the statute as well as the 13 day period between the motion to compel and response. I think if we add that all up, and the court believes that speedy trial has been tolled since October 23, 2003, if we add up the time, I still believe that we are within the 270 days."
 {¶ 10} Seward then entered a no contest plea. He timely appealed the trial court's judgment and assigns the following error: "The trial court erred to the prejudice of the defendant in denying the defendant's motion to dismiss pursuant to R.C. 2945.71, the state having failed to bring the defendant to trial within the allotted time under R.C. 2945.73."
 {¶ 11} In his sole assignment of error, Seward argues that the court improperly denied his motion to dismiss based upon a statutory speedy trial violation. By his calculation, he asserts that 293 days have passed: (1) from the date after his arrest, September 11, 2002, to the date he was released from jail, September 17, 2002, twenty-one days elapsed; (2) from September 18, 2002 to January 2, 2003, the date the court dismissed the felony complaint, 107 days elapsed; (3) from the date after his second arrest on the same charges, March 1, 2003, to the date he was released from jail, March 4, 2003, twelve days elapsed; (4) from March 5, 2003 to July 17, 2003, 135 days elapsed; and (5) from September 22, 2003 to October 10, 2003, eighteen days elapsed. Seward claims that when the trial court calculated the number of speedy trial days, it wrongly determined that the time between the municipal court's appointment of Silcott (September 11, 2002) to the time Silcott entered an appearance (September 19, 2002) tolled his speedy trial time. Seward asserts that no actual delay in the proceedings occurred as a result of the eight day delay in counsel filing a notice of appearance. Seward further argues that his motion to dismiss the felony complaint under C.P.Sup. R. 39(B)(2) did not toll the speedy trial clock because that motion did not actually delay the proceedings. Although Seward does not raise any argument that the trial court improperly excluded the time period between when he informed the court that he would hire private counsel and when private counsel entered a notice of appearance, which amounted to at least thirty days, he includes that time in his speedy trial calculation.
 {¶ 12} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. Brown (1998),131 Ohio App.3d 387, 391, 722 N.E.2d 594; State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently determine whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. Brecksville v. Cook
(1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706.
 {¶ 13} R.C. 2945.71 embodies the statutory right to a speedy trial and states in part, "a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). The state must bring a person arrested and charged with a felony to trial within two hundred seventy days unless the accused remains in jail in lieu of bail solely on the pending charge. Then the statute mandates that each day in jail counts as three days. R.C. 2945.71(E). This is known as the triple-count provision. If the defendant is not brought to trial within the statutory timeframe, he "shall be discharged." R.C. 2945.73(B). "`The rationale supporting [the speedy-trial statute] was to prevent inexcusable delays caused by indolence within the judicial system.'" State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, 781 N.E.2d 159, at ¶ 24 (quoting State v. Ladd (1978),56 Ohio St.2d 197, 200, 383 N.E.2d 579).
 {¶ 14} Here, no dispute exists that the state failed to try Seward within 270 days. Thus, Seward has presented a prima facie case for discharge. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31,500 N.E.2d 1368. Therefore, the state must show that the R.C. 2945.71
limitations have not expired, either by demonstrating that R.C. 2945.72
extended the time limit or by establishing that Seward is not entitled to use the triple-count provision in R.C. 2945.71(E). Butcher,27 Ohio St.3d at 31, 500 N.E.2d 1368; see, also, Brecksville,75 Ohio St.3d at 55-56, 661 N.E.2d 706 ("`[T]he prescribed times for trial set forth in R.C. 2945.71 are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71 time prescriptions.'" (quoting State v. Wentworth (1978), 54 Ohio St.2d 171, 173,375 N.E.2d 424).
 {¶ 15} R.C. 2945.72 sets forth the circumstances that may toll the speedy trial clock. As relevant here, R.C. 2945.72(C) and (H) provide: "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law; * * * * (H) The period of any continuance granted on the accused's own motion * * *."
 {¶ 16} In this case, even if Seward's two arguments are correct, the time between the date Seward advised the court that he would retain private counsel (March or April of 2003) and the date private counsel entered his appearance (May 30, 2003) tolled the speedy trial clock, under R.C. 2945.72(H). The transcript from Seward's motion to dismiss shows that in March or April of 2003, Seward requested the court to continue the matter to allow him to retain private counsel. The record further shows that Seward's private counsel did not enter an appearance until May 30, 2003. When the court noted these circumstances at the motion to dismiss hearing, Seward expressed no objection to its finding that these circumstances stopped the speedy trial clock. Thus, at least thirty days are chargeable to Seward. Once we subtract these thirty days from Seward's speedy trial calculation (293), only 263 speedy trial days elapsed. Thus, Seward's claim that more than 270 days elapsed is meritless.
 {¶ 17} Although the trial court did not journalize Seward's request for a continuance, because the court granted the continuance upon his request, rather than upon the state's request or sua sponte, this oversight does not require a dismissal. See State v. Stamps (1998),127 Ohio App.3d 219, 224, 712 N.E.2d 762 (stating that "an explanation for a continuance in a journal entry is not necessary, though certainly recommended, when a continuance is requested by and granted to a defendant"); State v. Richardson, Clark App. No. 03CA92, 2004-Ohio-5815
(stating that an explanation or reason for a continuance in a journal entry is not necessary, even though preferable, when the continuance clearly is granted "on the accused's own motion"); State v. Garries,
Montgomery App. No. 19825, 2003-Ohio-6895. As we have previously explained: "[T]he only time a trial court must state on record the reasons for a continuance is when the trial court or some party other than the accused requests a continuance. * * * It is clear, on the face of the statute, that a continuance at the request of a defendant tolls the period within which the trial must occur." State v. Sanders (Dec. 10, 1996), Pickaway App. No. 95CA6. Moreover, we "can look behind the journal entry to the transcript to determine that a defendant in fact requested a continuance. * * * When possible, we should decide issues based on what actually happened." Stamps, 127 Ohio App.3d at 226. Thus, "[w]hen the defendant's request for a continuance is in the record, the absence of an explanation for the continuance in a journal entry should not allow a defendant to use the speedy-trial statute as a sword rather than the shield that it was designed to be." Stamps,127 Ohio App.3d at 225. State v. Mincy (1982), 2 Ohio St.3d 6, which deals with sua sponte continuances granted other than upon the accused's own motion, requires an entry upon the court's journal prior to the expiration of the speedy trial time limits. However, Seward made the request and thus, Mincy is not controlling.
 {¶ 18} Because the transcript from the motion to dismiss hearing shows that at least thirty days elapsed because Seward requested time to retain private counsel, those thirty days tolled the speedy trial clock. And, when we subtract those thirty days from Seward's 293 day calculation, no statutory speedy trial violation occurred. Therefore, the trial court did not err by denying his motion to dismiss.
 {¶ 19} Accordingly, we affirm the court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Seward recently filed a motion to suspend execution of sentence and set bail pending appeal. Because we are affirming the trial court's judgment, Seward's motion is moot and therefore denied.
[2] The court did not journalize the continuance, but instead noted at the hearing on Seward's motion to dismiss that it had continued the matter upon Seward's request to obtain private counsel.