OPINION
{¶ 1} Defendant-appellant, Charles W. O'Brien, appeals from a judgment of the Franklin County Municipal Court finding him guilty of speeding in violation of Dublin City Ordinance 73.15. Because the trial court did not (1) abuse its discretion in denying defendant's request for discovery and his accompanying request for a continuance, or (2) violate defendant's speedy trial rights, we affirm. *Page 2 
 {¶ 2} On February 21, 2007, defendant was charged with driving 70 m.p.h. in a 55 m.p.h. zone on eastbound U.S. 33 in violation of Dublin City Ordinance 73.15. According to the ticket issued to defendant, he was to appear in Dublin Mayor's Court on March 6, 2007.
 {¶ 3} By facsimile transmission ("fax"), the city of Dublin ("city") received defendant's motion for a continuance on March 5, 2007. Defendant explained he received the ticket on February 21, 2007 and flew to Florida the following day for a vacation. Asserting both his belief the ticket was issued in error and his intention to conduct discovery on his return to Ohio sometime after March 20, 2007, defendant requested the matter be continued to a date in late April 2007. In his written communication with the city, defendant specified that "[s]peedy trial in this matter is waived by the Defendant." The journal entry on the proceedings docket states the city "[a]llowed a faxed continuance] but [defendant] did not wish to continue] to arraignment] date we had discussed. Called [defendant] informed him we could not accept his fax. He refused to re-fax[.] Expl[ained] he'll be receiving a summons."
 {¶ 4} When defendant did not appear in Mayor's Court on March 6, 2007, a summons was issued to him to appear on April 3, 2007 at 5:00 p.m. Certified mail delivery was attempted three times, but the letter eventually was returned unclaimed. On April 3, 2007, defendant failed to appear, and a warrant was issued for defendant's arrest.
 {¶ 5} Two days later, the city received defendant's "Plea of Not Guilty[,] Motion for Continuance[, and] Motion for Transfer." In his motion defendant stated he was vacationing in Florida and was not available until late April 2007. He reiterated his intent to pursue discovery and to request a jury trial. He further indicated he received a call from *Page 3 
"Janice" who informed him the trial in the matter was scheduled for that afternoon and he should "either appear, pay the fine or acquiesce to a future trial date on May 1, 2007." Defendant advised he would be returning to Columbus and could appear on May 1. An April 6 entry on the proceedings journal indicates defendant's arraignment was continued at defendant's request to May 1, 2007.
 {¶ 6} On April 30, 2007, defendant faxed a motion for a continuance to the city, requesting that the arraignment date set for May 1, 2007 be continued to May 15, 2007. An April 30, 2007 entry in the proceedings journal continued defendant's arraignment to the charged speeding offense to May 15, 2007. Defendant's motion incorporated by reference all previous filings.
 {¶ 7} On May 15 defendant by fax again requested a continuance, seeking to postpone the case until the second week of June. Defendant explained he had been in Florida and would not be available for trial until June 2007. He restated his intent to seek discovery and said he would return to Columbus before June 10, 2007. A May 15 entry on the city's proceedings journal states the matter was continued to June 12, 2007 for arraignment at defendant's request. The notation, however, indicates no further continuances would be granted in the case. Defendant's motion again incorporated by reference all previous filings.
 {¶ 8} On June 12, 2007, defendant requested a court trial, resulting in transfer of defendant's case from Dublin Mayor's Court to the Franklin County Municipal Court where defendant refused to waive his speedy trial rights. On the day of trial, July 9, 2007, defendant filed his request for discovery pursuant to Crim.R. 16. At the same time, defendant moved the court to continue the scheduled trial date. In support of his *Page 4 
requested continuance, defendant explained that because he had not had the opportunity to undertake discovery, he was requesting a trial date in the latter part of August "pending the City of Dublin's compliance with Defendant's Request for Discovery in order for Defendant to adequately prepare and defend." Prior to trial, the trial court heard oral arguments from both the prosecution and defendant regarding defendant's two pending motions. The court overruled both motions and conducted a bench trial on defendant's speeding charge. The court found defendant guilty and fined him $100 plus court costs. Defendant appeals, assigning two errors:
 [1.] The trial court erred by overruling Defendant-Appellant's request for discovery and accompanying motion for a continuance to pursue discovery.
 [2.] The Trial Court erred by failing to dismiss the case due to a speedy time violation.
I. First Assignment of Error {¶ 9} Defendant's first assignment of error asserts the trial court erred in overruling his request for discovery and his accompanying motion for a continuance to pursue discovery. Defendant similarly contends that the trial court erred in overruling his post-trial motions that raised the same argument.
 {¶ 10} Because discovery and scheduling are matters within the discretion of the trial court, we limit our inquiry to whether the trial court abused its discretion in denying defendant's motion and rendered an unreasonable, arbitrary or unconscionable decision. See State v.Parson (1983), 6 Ohio St.3d 442, 445; State v. Montgomery (1991),61 Ohio St.3d 410, 413. Here, after multiple continuances at defendant's request, defendant's trial *Page 5 
was set for July 9 at 10:30 a.m. At 10:06 a.m. on July 9, defendant filed his initial and only Crim.R. 16 request for discovery.
 {¶ 11} Crim.R. 16 sets the parameters for discovery in criminal and traffic matters. See Traf.R. 11(B)(2)(b) (acknowledging requests and motions for discovery under Crim.R. 16). Initially, the demand is to be in writing. Crim.R. 16(A). In addition, Crim.R. 16(F) provides that discovery generally must be made within 21 days after arraignment or seven days before the date of trial, whichever is earlier. A court, however, in the exercise of its discretion, may allow an untimely motion for discovery. Id.
 {¶ 12} Defendant's request for discovery was untimely, and the trial court did not abuse its discretion in refusing to continue the trial date to allow defendant to conduct discovery. Since February 21, 2007, defendant was aware of the charge pending against him. He requested multiple continuances for the ostensible purpose of conducting discovery, but he failed to put any discovery request in writing until the day of trial. Given the significant amount of time defendant had to present a discovery request, his request for a continuance on the day of trial to allow him to conduct discovery was untenable.
 {¶ 13} Indeed, defendant offered no reason for the untimeliness of his discovery request apart from his extended vacation. Were all defendants permitted to force a trial continuance under circumstances like those presented here, trial dockets would be unmanageable. Because the trial court was well within its discretion to refuse defendant's discovery request filed on the day of trial, it likewise appropriately denied the continuance premised solely on the need to seek the city's compliance with defendant's discovery request. Defendant's first assignment of error is overruled. *Page 6 
II. Second Assignment of Error {¶ 14} Defendant's second assignment of error contends the trial court erred in failing to dismiss his case for violation of his speedy trial rights.
 {¶ 15} According to R.C. 2945.71(A), a person against whom a minor misdemeanor charge is pending in a court not of record, such as a mayor's court, or against whom a minor misdemeanor charge is pending in a court of record "shall be brought to trial within thirty days after the person's arrest or the service of summons." Because defendant was charged with a minor misdemeanor speeding offense, he was required to be brought to trial within 30 days after the service of summons. R.C.2945.72, however, extends for specified reasons the time within which an accused must be brought to trial, including the "period of any continuance granted on the accused's own motion," any delay caused by the improper conduct of the accused, and "[t]he period of delay necessitated by a removal." R.C. 2945.72(H); R.C. 2945.72(D); R.C.2945.72(F). A person charged with an offense shall be discharged if he or she is not brought to trial within the time required under R.C.2945.71 and 2945.72. R.C. 2945.73(B).
 {¶ 16} Defendant's initial request for a continuance to the city specifically waived defendant's speedy trial rights. Defendant contests that conclusion because the entry regarding the requested continuance states: "Called [defendant] informed him we could not accept his fax. He refused to re-fax[.]" Defendant, however, ignores the earlier part of the entry that "[a]llowed a faxed continuance] but [defendant] did not wish to continue] to arraignment] date we had discussed." Indeed, had the city not granted his requested continuance, he would have been subject to a warrant for his arrest for failure to appear on the scheduled date. *Page 7 
 {¶ 17} In reality, defendant was granted the continuance, and he waived his speedy trial rights in his initial communication with the city, a waiver that was incorporated by reference in subsequent requests for a continuance. His written waiver, included in the record, is effective even if the city did not journalize it. See State v. King
(1994), 70 Ohio St.3d 158, 161 (noting that to be effective, an accused's waiver of statutory speedy trial rights "must be expressed in writing or made in open court on the record); State v. O'Brien (1987),34 Ohio St.3d 7, paragraph two of the syllabus (holding that absent other circumstances, "an express, written waiver of unlimited duration" precludes discharge for delay in bringing a defendant to trial);City of Westlake v. Cougill (1978), 56 Ohio St.2d 230 (finding written waiver removed case from operation of speedy trial statutes).
 {¶ 18} Even if we were to assume defendant did not waive his speedy trial rights through the explicit waiver in his faxes to the city, the combination of his multiple requests for a continuance, his failure to appear, and his removing his case from mayor's court to municipal court extended the time within which defendant's case had to be tried under the speedy trial statute.
 {¶ 19} In Brecksville v. Cook (1996), 75 Ohio St.3d 53, the Supreme Court of Ohio held that "[t]he transfer of a case pursuant to R.C.1905.032 from the mayor's court to the municipal court is a `removal' within the meaning of R.C. 2945.72(F), and the period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court." Id. at 54. The court explained that "[b]ecause mayor's courts are courts not of record, all cases first brought there would be subject to the thirty-day period set out in R.C. 2945.71(A)." Id. at 59. Adding an additional 30 days from the date of certification means "the total possible time between arrest and *Page 8 
trial would be sixty days." Id. Here, due to defendant's failure to appear and his numerous requests for a continuance, less than 30 days expired from the date of summons to the transfer to municipal court.
 {¶ 20} More specifically, the record discloses that defendant failed to appear on March 6 as instructed on his ticket. His failure to appear extended time under the statutory speedy trial parameters. State v.Bauer (1980), 61 Ohio St.2d 83, 85; R.C. 2945.72(D) (noting the provision tolling the speedy trial time for "[a]ny period of delay occasioned by the neglect or improper act of the accused"). While defendant may contend his subsequent failure to appear on April 3, 2007 should not extend the speedy trial clock since he was not served with the summons directing him to appear on April 3, he contacted the city two days later to request another continuance that was granted, postponing his arraignment until May 1. As a result, at most two days of the 30 days under R.C. 2945.71 expired.
 {¶ 21} Subsequently, at defendant's request his arraignment was continued again from May 1, 2007 to May 15, 2007 to June 12, 2007. Pursuant to R.C. 2945.72(H), the delay those continuances precipitated extended the time for bringing defendant to trial. State v.Olverson, Franklin App. No. 02AP-554, 2003-Ohio-1274 (concluding defendant was not denied a speedy trial where delays were attributable to continuances defendant requested or to which he consented). To the extent defendant contends the city did not grant his subsequent requests for continuances, the proceedings docket sheet belies defendant's contentions. See State v. Richardson, Clark App. No. 03CA92,2004-Ohio-5815, appeal not allowed, 105 Ohio St.3d 1464, 2005-Ohio-1024, appeal not allowed, 108 Ohio St.3d 1473, 2006-Ohio-665 (concluding an unjournalized continuance granted *Page 9 
at the defendant's request extended the statutory speedy trial time). Moreover, once defendant's case was received in the municipal court on June 12, 2007, his case was brought to trial in less than 30 days, despite defendant's request to again continue the matter pending discovery.
 {¶ 22} In the final analysis, defendant waived his speedy trial rights in the first motion for continuance he filed. Moreover, the record reflects numerous extensions of the statutory speedy trial time arising from defendant's failure to appear, the continuances the city granted at defendant's request, and defendant's transferring his case to the municipal court. While defendant asserted his speedy trial rights in the municipal court when on June 12, 2007 he refused to waive those rights, the trial court brought defendant to trial within 30 days, the time R.C.2945.71 prescribes. Accordingly, defendant's second assignment of error is overruled.
 {¶ 23} Because the city withdrew its motion for attorney fees during oral argument, we do not address it.
 {¶ 24} Having overruled defendant's two assignments of error, we affirm the judgment of the trial court.
Motion withdrawn; judgment affirmed.
KLATT and TYACK, JJ., concur. *Page 1